**MAYALL HURLEY**
Nicholas J. Scardigli, Esq. (SBN 249947)
    Email: nscardigli@mayallaw.com
Vladimir J. Kozina, Esq. (SBN 284645)
    Email: vjkozina@mayallaw.com
2453 Grand Canal Boulevard
Stockton, CA 95207-8253
Telephone: (209) 477-3833

Attorneys for Plaintiff THOMAS D. TAYLOR, JR.

**SWERDLOW FLORENCE**
    **SANCHEZ SWERDLOW & WIMMER**
A Law Corporation
David A. Wimmer (SBN 155792)
    Email: dwimmer@swerdlowlaw.com
9401 Wilshire Blvd., Suite 828
Beverly Hills, California 90212
Telephone: (310) 288-3980
Facsimile: (424) 281-2575

**MCGUIREWOODS LLP**
Matthew C. Kane, Esq. (SBN 171829)
    Email: mkane@mcguirewoods.com
Sabrina A. Beldner, Esq. (SBN 221918)
    Email: sbeldner@mcguirewoods.com
Sylvia J. Kim, Esq. (SBN 258363)
    Email: skim@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Attorneys for Defendant MEADOWBROOK MEAT COMPANY, INC.,
also known and doing business as MBM and MBM Corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS D. TAYLOR, JR., an individual, | CASE NO. 3:15-cv-00132-LB |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| MEADOWBROOK MEAT COMPANY, INC.; and DOES 1-100, inclusive, | |
| Defendants. | |

70536764.1

**STIPULATED PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITION

2.1. Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2. "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that that the Producing Party in good faith contends constitutes or contains information that is confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests.

2.3. Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4. Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5. Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or

1 responses to discovery in this matter.

2     2.6. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to
3 the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a
4 consultant in this action.

5     2.7. <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or
6 Items</u>: means extremely sensitive "Confidential" Information or Items whose disclosure to
7 another Party or non-party would create a substantial risk of injury to the Producing Party that
8 could not be avoided by less restrictive means. Such information includes, but is not limited to,
9 the names, mailing addresses, email addresses, phone numbers and any other non-public, private
10 information of or about putative class members, including without limitation personnel and payroll
11 data or information, to the extent it is established to be discoverable, as well as commercial,
12 pricing, costing, customer or marketing information relating to the Producing Party or the
13 Producing Party's actual or planned commercial products or services, or technical and research
14 information that is extremely sensitive.

15     2.8. <u>House Counsel</u>: attorneys who are employees of a party to this action. House
16 Counsel does not include Outside Counsel of Record or any other outside counsel.

17     2.9. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal
18 entity not named as a Party to this action.

19     2.10. <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this
20 action but are retained to represent or advise a party to this action and have appeared in this action
21 on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

22     2.11. <u>Party</u>: any party to this action, including all of its officers, directors, employees,
23 consultants, retained experts, and Outside Counsel of Record (and their support staffs).

24     2.12. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery
25 Material in this action.

26     2.13. <u>Professional Vendors</u>: persons or entities that provide litigation support services
27 (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and
28 organizing, storing, or retrieving data in any form or medium) and their employees and

subcontractors.

2.14. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material; and (4) the names, mailing addresses, email addresses, phone numbers and any other non-public, private information of or about putative class members provided by Defendant, including without limitation personnel and payroll information, to the extent it is established to be subject to discovery. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to

applicable law.

5. DESIGNATING PROTECTED MATERIAL

   5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

   5.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

   Designation in conformity with this Order requires:

      (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

      A Party or Non-Party that makes original documents or materials available for inspection

1  need not designate them for protection until after the inspecting Party has indicated which material
2  it would like copied and produced. During the inspection and before the designation, all of the
3  material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting
4  Party has identified the documents it wants copied and produced, the Producing Party must
5  determine which documents, or portions thereof, qualify for protection under this Order. Then,
6  before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL"
7  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that
8  contains Protected Material. If only a portion or portions of the material on a page qualifies for
9  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making
10 appropriate markings in the margins).

11          (b)     <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,
12 that the Designating Party identify on the record, before the close of the deposition, hearing, or
13 other proceeding, all protected testimony, and further specify any portions of the testimony that
14 qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical
15 to identify separately each portion of testimony that is entitled to protection, and when it appears
16 that substantial portions of the testimony may qualify for protection, the Party or non-party that
17 sponsors, offers, or gives the testimony may invoke on the record (before the deposition or
18 proceeding is concluded) a right to have up to 60 days after receipt of the transcript to identify the
19 specific portions of the testimony as to which protection is sought and to specify the level of
20 protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
21 EYES ONLY").  Only those portions of the testimony that are appropriately designated for
22 protection within the 60 days after receipt of the transcript shall be covered by the provisions of
23 this Confidentiality Order.  Transcript pages containing Protected Material must be separately
24 bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL &
25 SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL –
26 ATTORNEYS' EYES ONLY & SUBJECT TO CONFIDENTIALITY ORDER," as instructed by
27 the Party or non-party offering or sponsoring the witness or presenting the testimony.
28          (c)     <u>for information produced in some form other than documentary and for any</u>

70536764.1

**STIPULATED PROTECTIVE ORDER**

1 <u>other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the
2 container or containers in which the information or item is stored the legend "CONFIDENTIAL"
3 or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of
4 the information or item warrant protection, the Producing Party, to the extent practicable, shall
5 identify the protected portion(s), specifying whether they qualify as "CONFIDENTIAL" or as
6 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7      5.3.   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to
8 designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -
9 ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to
10 secure protection under this Order for such material. Upon timely correction of a designation, the
11 Receiving Party must make reasonable efforts to assure that the material is treated in accordance
12 with the provisions of this Order.

13 6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

14      6.1.   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of
15 confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality
16 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic
17 burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to
18 challenge a confidentiality designation by electing not to mount a challenge promptly after the
19 original designation is disclosed.

20      6.2.   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution
21 process by providing written notice of each designation it is challenging and describing the basis
22 for each challenge. To avoid ambiguity as to whether a challenge has been made, the written
23 notice must recite that the challenge to confidentiality is being made in accordance with this
24 specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in
25 good faith and must begin the process by conferring directly (in voice to voice dialogue; other
26 forms of communication are not sufficient) within 14 days of the date of service of notice. In
27 conferring, the Challenging Party must explain the basis for its belief that the confidentiality
28 designation was not proper and must give the Designating Party an opportunity to review the

designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3. <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge, including a challenge to the designation of a deposition transcript or any portions thereof, without court intervention, the Challenging Party shall file and serve a motion to remove confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Challenging Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the challenge to the confidentiality designation for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

 (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

 (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

 (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

 (d) the court and its personnel;

 (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

 (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

 (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3. <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "<u>HIGHLY</u>

CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    (a)    the Receiving Party's Outside Counsel of record in this action as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the Receiving Party's House Counsel;

    (c)    Subject to Section 7.4, Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

    (d)    the Court and its personnel;

    (e)    court reporters, videographers, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A; and

    (f)    the author of the document or the original source of the information.

7.4.    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items to "Experts."

    (a)    Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Confidentiality Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, and (3) identifies the Expert's current employer(s). However, if the intended disclosure to an Expert is made prior to any statutory deadline to disclose or exchange expert identifications or to a Non-Testifying Expert ("NTE"), then the Party that seeks to disclose to an Expert or NTE any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must provide advance notification to the other Party of the intent to disclose information to an Expert or NTE, the area in which the Expert or NTE specializes, and identify the documents the Expert or NTE plans to review, and a written certification that the Expert or NTE is not employed in business or position competitive to the

Designating Party.  The identity and/or report of any NTE identified pursuant to these provisions shall be discoverable upon a showing of exceptional circumstances or if the NTE is later designated as a testifying Expert.  Unless exceptional circumstances are present or the NTE is later designated as a testifying Expert, a Party that seeks to disclose to a NTE any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" need not make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, and (3) identifies the Expert's current employer(s).

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert 11 court days after delivering the Request unless, within 10 court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided by the applicable rules seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.  In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

70536764.1

**STIPULATED PROTECTIVE ORDER**

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

    (a)    promptly notify in writing the Designating Party (by e-mail and fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order.. Such notification shall include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Receiving Party will make no disclosure of any Protected Material prior to the deadline set forth in the subpoena.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

    (a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these

70536764.1

**STIPULATED PROTECTIVE ORDER**

provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

70536764.1

**STIPULATED PROTECTIVE ORDER**

terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or thing otherwise protected by the attorney-client privilege or attorney work product immunity shall not operate as a waiver of any such privilege or immunity if, after learning of the inadvertent production or disclosure, the party who made the inadvertent production or disclosure sends to any Receiving Party a written request for the return or destruction of such documents or things. Upon receiving such a request, the Receiving Party shall immediately take all necessary steps to return or destroy such documents or things, including all copies and electronic copies, and make a written certification to the Producing Party of such compliance. If the Receiving Party disclosed the inadvertently produced document or thing before being notified by the Producing Party, it must take reasonable steps to retrieve the inadvertently produced document or thing. Additionally:

(a) If the Receiving Party wishes to contest that any such inadvertently produced document or thing is protected by the attorney-client privilege or by attorney work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party. Within 10 court days after receiving such notification, the Producing Party shall provide to the Requesting Party a list identifying all such returned documents and things and stating the basis for the claim of privilege or immunity. Within five (5) court days after receiving such a list, and after the parties have attempted to resolve the dispute through a meaningful meet-and-confer, the Receiving Party may file a motion to compel production of such documents and things, the protection of which is still disputed. If such a motion is filed, the Producing Party shall have the burden of proving that the documents and things in dispute are protected by the attorney-client privilege or by attorney work-product immunity.

(b) With respect to documents and things subsequently generated by a

Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Requesting Party disputes the claims of attorney-client privilege or attorney work-product immunity, the Receiving Party shall immediately destroy or redact the derivative documents and things in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(c) In no event, however, shall the return or destruction of demanded documents be delayed or refused because of a Receiving Party's objection to the demand or by the filing of a motion to compel. Furthermore, until and unless such motion to compel is granted, the Receiving Party shall neither quote nor substantively reveal any privileged information contained within the documents or things at issue, either prior to or following their return, except to the extent such information is reflected in an appropriate privilege log.

12.  MISCELLANEOUS

12.1.  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2.  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.  <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a

Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

12.4.   <u>Stipulation Binding Upon Execution and For Limited Duration</u>.   By signing this Confidentiality Order, the Parties agree to be bound by its terms, upon execution by all Parties, even if the Confidentiality Order is not entered by the Court, subject to the further stipulation by the Parties and/or order of the Court regarding the treatment of any documents or information that was provided pursuant to its terms.  Nothing in this Confidentiality Order constitutes any type of express or implied waiver or limitation by the Parties of any of their rights under the Federal Rules of Civil Procedure, the Federal Rules of Evidence or the Court's Local Rules.

13.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: April 6, 2016              **MAYALL HURLEY**

By: ___/s/ Nicholas J. Scardigli___
       Nicholas J. Scardigli, Esq.
       Vladimir J. Kozina, Esq

Attorneys for Plaintiff
THOMAS D. TAYLOR, JR.

DATED: April 6, 2016              **SWERDLOW FLORENCE**
       **SANCHEZ SWERDLOW & WIMMER**

**MCGUIREWOODS LLP**

By: ___/s/ Matthew C. Kane___
       Matthew C. Kane, Esq.
       Sabrina A. Beldner, Esq.
       Sylvia J. Kim, Esq.

Attorneys for Defendant
MEADOWBROOK MEAT COMPANY, INC.,
also known and doing business as
MBM and MBM Corporation

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: April 7, 2016                _____
       HONORABLE LAUREL BEELER
       UNITED STATES MAGISTRATE JUDGE

70536764.1

**STIPULATED PROTECTIVE ORDER**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Taylor v. Meadowbrook Meat Company, Inc.*, U.S. District Court, Northern District of California, Case No. 3:15-cv-00132-LB.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

70536764.1

**STIPULATED PROTECTIVE ORDER**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2016, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 6, 2016 at Los Angeles, California.


              / s / Matthew C. Kane
              MATTHEW C. KANE